**ORANSKY, SCARAGGI & BORG, P.C.**
Andrew D. Borg, Esq. (9384)
175 Fairfield Avenue, Suite 1A
West Caldwell, New Jersey 07006
(973) 364-1200

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| I.U.O.E. LOCAL 68 ENGINEERS PENSION FUND; I.U.O.E. LOCAL 68 ENGINEERS WELFARE FUND; I.U.O.E. LOCAL 68 ENGINEERS EDUCATION FUND; I.U.O.E. LOCAL 68 ENGINEERS ANNUITY FUND; EDWARD BOYLAN, as a Trustee of the Funds; and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 68-68A-68B, AFL-CIO<br><br>*Plaintiffs*,<br><br>v.<br><br>NJMHMC, a New Jersey Limited Liability Company d/b/a/ Hudson Regional Hospital<br><br>*Defendant*. | Civil Action No.:<br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

## INTRODUCTION

1.      This is an action to collect delinquent benefit fund contributions that the Defendant owes to the I.U.O.E. Local 68 Pension Fund, I.U.O.E. Local 68 Welfare Fund, I.U.O.E. Local 68 Education Fund and I.U.O.E. Local 68 Annuity Fund (the "Funds") pursuant to the terms of a collective bargaining agreement (the "CBA") by and between the International Union of Operating Engineers Local 68-68A-68B, AFL-CIO (the "Union") and the Defendant and an Assignment and Agreement of the Collective Bargaining Agreement (the "Assignment Agreement") between the same parties.

2.  This action is brought pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (a)(3) to enforce Section 515 of ERISA, 29 U.S.C. § 1145 and pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

## JURISDICTION AND VENUE

3.  The Court has jurisdiction of this action under 29 U.S.C. § 1132(a)(3), 29. U.S.C. § 185(a), and 28 U.S.C. § 1331.

4.  Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because the Funds are administered in this district, and under 29 U.S.C. § 185(a) because the Court has jurisdiction over all parties.

## PARTIES

5.  The Funds are collectively bargained trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Funds are employee benefit plans within the meaning of Section 3(2) and 3(3) of ERISA, 29 U.S.C. § 1002 (2) and (3) and are maintained for the purpose of providing retirement, health and educational benefits to eligible participants and their beneficiaries. The Funds are multiemployer plans within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

6.  Edward Boylan is a Trustee of each of the Funds and is a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7.  The International Union of Operating Engineers Local 68-68A-68B, AFL-CIO is a labor organization which is named as a party for the purpose of enforcing the relevant provisions of the CBA and on behalf of its members who are harmed as a result of Defendant's failure to abide by the terms of the CBA and the Assignment Agreement.

8. All Plaintiffs maintain their principal place of business at 14 Fairfield Place, West Caldwell, Essex County, New Jersey.

9. Plaintiffs bring this action on behalf of themselves and on behalf of the Funds' participants and beneficiaries pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce § 515 of ERISA, 29 U.S.C. § 1145; and pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(a).

10. Defendant NJMHMC is a New Jersey limited liability company and is signatory to the Union's CBA and is obligated to abide by the terms thereof. Said CBA has a current term which commenced on September 1, 2017 and ends on August 31, 2020.

11. Defendant is also a party to the Assignment Agreement which was entered into during February 2018 by and between the Defendant and the Union.

12. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12) and Sections 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

13. Defendant is a limited liability company doing business under its own name and under the name of Hudson Regional Hospital within the State of New Jersey including within this judicial district.

14. Defendant's principal place of business as it relates to this action is located at 55 Meadowlands Parkway, Secaucus, Hudson County, New Jersey.

## STATEMENT OF CLAIM

15. On or about December 29, 2017 Defendant entered into an Amended and Restated Asset Purchase Agreement (the "Asset Purchase Agreement") with MHA, LLC ("MHA") whereby Defendant purchased substantially all of MHA's assets and liabilities including an acute care hospital in Secaucus.

16. Prior to this transaction MHA, doing business as Meadowlands Hospital Medical Center, was signatory to a CBA with the Union and was obligated to abide by the terms thereof. Said CBA had a term which commenced on September 1.2 017 and ended on August 31, 2020.

17. At or about the same time that Defendant and MHA entered into the Asset Purchase Agreement, Defendant entered into the Assignment Agreement with the Union whereby Defendant agreed that it is the successor to MHA's obligations to the Union under the terms of the CBA.

18. Thereafter, Defendant executed the aforesaid CBA and agreed to be bound by the terms and conditions thereof.

19. The Asset Purchase Agreement conveyed to Defendant essentially all of MHA's assets subject to various encumbrances, including "…all Contracts…of Seller related to the business…"

20. The CBA requires a signatory employer to pay contributions to the Funds and dues to the Union on behalf of employees who perform work covered by the terms of the CBA.

21. Pursuant to the terms of the CBA, employers are bound to the terms and conditions which govern the administration of the Funds, including their Agreements and Declarations of Trust (the "Trust Agreements").

22. The CBA and Trust Agreements require signatory employers such as Defendant and MHA to provide access to their pertinent payroll records in order to determine whether there has been compliance with the obligation to contribute to the Funds.

23. At all times relevant hereto, members of the Plaintiffs were employed by Defendant and/or MHA pursuant to the Union's CBA and Defendant and MHA became obligated to make contributions to Plaintiffs on their behalf.

24. Plaintiffs conducted a payroll audit of MHA and determined that contributions for the period January 2012 through December 2015 in the amount of $35,005.33 had not been paid.

25. The Trust Agreements, CBA and ERISA (29 U.S.C. § 1001, et seq.) authorize the Trustees to take action to recover delinquent contributions. In addition, they authorize the Trustees to recover interest on the delinquent contributions, liquidated damages in an amount equal to twenty percent (20%) of the total delinquency, and all costs, including audit and attorneys' fees incurred in collecting the delinquency.

26. Pursuant to the terms of the Asset Purchase Agreement and the Assignment Agreement, Defendant is obligated to pay to Plaintiff the aforesaid delinquent contributions along with the interest thereon, liquidated damages, court costs, legal and audit expenses, less any amount Plaintiffs may collect from MHA.

27. Notwithstanding the aforesaid Asset Purchase Agreement and the Assignment Agreement, a portion of the delinquent contributions, interest, liquidated damages, court costs, legal and audit expenses was paid by MHA.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant for the following damages less amounts received by Plaintiffs from MHA.

A. Delinquent contributions in the amount of $36,905.33
B. Liquidated damages of $7,001.07
C. Interest in the amount of $11,177.88
D. Court costs of $400.00
E. Legal fees of $8,751.33 plus audit expenses
F. Such further relief as the Court deems to be just and proper.

                                         **ORANSKY, SCARAGGI & BORG, P.C.**
                                          *Attorneys for Plaintiffs*

By: _____
      ANDREW D. BORG, ESQ. (9384)

Dated: May 2, 2019